Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 7027 | **DATE** | 5/17/2013 |
| **CASE TITLE** | Martinez vs. FSS Alutiiq, JV | | |

**DOCKET ENTRY TEXT**

Defendant's motion to dismiss Plaintiff's FMLA claims [15] is granted for the reasons set out below. Plaintiff may file an amended complaint by 6/10/2013 if she wishes to pursue these claims. Parties are to appear for status on 6/18/2013 at 9:30 a.m.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

Plaintiff Kristin Martinez sued Defendant FSS Alutiiq, JV ("FSS") for violations of the Americans with Disabilities Act ("ADA") and the Family and Medical Leave Act ("FMLA"). In her *pro se* complaint, filed August 31, 2012, Martinez alleges that FSS interfered with her FMLA rights and retaliated against her. FSS moves to dismiss Martinez's FMLA claims pursuant to Federal Rule of Civil Procedure 12(b)(6) and, alternatively, moves for a more definite statement pursuant to Rule 12(e).

To survive a motion to dismiss, a complaint must comply with Federal Rule of Civil Procedure 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must include "sufficient detail to give the defendants fair notice" of the claims alleged against them. *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). The complaint must also "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim satisfies this pleading standard when its factual allegations "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56; *see also Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) ("[P]laintiff must give enough details about the subject-matter of the case to present a story that holds together."). For purposes of the motion to dismiss, the court takes all facts alleged in the complaint as true and draws all reasonable inferences from those facts in favor of Martinez, although conclusory allegations that merely recite the elements of a claim are not entitled to this presumption of truth. *Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011).

Martinez filed a form complaint of employment discrimination. She indicated that the defendant terminated her employment, failed to reasonably accommodate her disabilities (anxiety, depression, and back issues), and retaliated against her. Martinez also placed an "X" in the box on the form next to the word "other" and wrote "FMLA retaliation and interference." In the EEOC charge attached to the complaint, Martinez states that she has a disability, and that she sought a permanent job with FSS. She was not considered for a permanent placement because of her disability and her need to attend frequent doctors' appointments. She requested a work schedule that would accommodate her appointments and that would not interfere with her job duties, but the requested accommodation was refused. Shortly thereafter, she was terminated.

| STATEMENT |
|---|

FSS claims that, although it has sufficient notice of the content of Martinez's ADA claims, Martinez has failed to plead her FMLA claims with the detail required by Rule 12(b)(6). The court agrees that the claims lack enough detail to inform FSS of what Martinez's FMLA claims are. The complaint does not allege that Martinez was eligible for, applied for, or was denied FMLA leave, or that she notified FSS of any intent to take FMLA leave in the future. Without such allegations, Martinez cannot state a claim under the FMLA, 29 U.S.C. § 2615(a). Martinez provides more information about her claims in her response to the motion to dismiss, but a plaintiff cannot amend her complaint through the response to a motion to dismiss. And even in her response, Martinez merely states that FMLA was a discussion topic in emails she exchanged with FSS, but does not explain what the content of that discussion was or how it supports an FMLA claim.

The court therefore grants FSS's Rule 12(b)(6) motion and dismisses Martinez's FMLA claims without prejudice. Martinez may file an amended complaint by June 10, 2013, if she believes she can assert an FMLA claim. In her response, Martinez asks the court to allow her to have an attorney appear for her to file an amended complaint. It is not clear from her request whether she is continuing to seek private counsel or is requesting a court-appointed attorney. The court notes that although Martinez was granted leave to file her complaint *in forma pauperis*, she has not filed a motion requesting that the court appoint her legal representation. (*See* Order Sept. 11, 2012, ECF No. 5.) Martinez is of course welcome to have her own private attorney file her amended complaint. If Martinez wishes the court to consider whether appointment of counsel would be appropriate, she will need to file a motion for attorney representation and an updated financial affidavit, which can be found on the court's website or obtained through the pro se assistance program on the 20th floor.